WILLIAM W. GARRARD, executor, plaintiff in error, vs. COLUMBUS C. CODY, defendant in error.

The eighth section of the limitation act of 1869, providing that "all cases of the character mentioned in any section of this act, which have arisen, or in which the right of action or liability has accrued, or the contract has been made, since the 1st day of June, 1865, shall be controlled and governed by the limitation laws as set forth in the Code," does not apply to the right of a plaintiff in execution to levy upon land belonging to the defendant at the date of the judgment, and which he has sold to a third person, who has gone into possession of the same. In such cases, as was decided by a majority of this court in the case of *Akin vs. Freeman*, the obligation of the plaintiff to proceed within four years was suspended by the various acts suspending the statutes of limitation up to the 21st of July, 1868, and there is nothing in the act of 1869, in any of its sections, applying to this right of the plaintiff, or altering this effect of said suspending acts.

Statute of limitations.   Executions.   Before Judge JAMES JOHNSON.   Muscogee Superior Court.   April Term, 1873.

On September 11th, 1866, Columbus C. Cody recovered a judgment against John R. Ivey for $2,126 72, besides interest and cost. An appeal was entered by the defendant. Upon

the second trial, which was had on February 8th, 1867, a judgment for the same amount was recovered against said Ivey and Samuel B. Cleghorn, security on appeal. The execution based on this judgment was levied on March 4th, 1872, upon certain property situated in the city of Columbus, which was claimed by William U. Garrard, as executor of W. W. Garrard, deceased. Upon the trial of the issue thus formed, it appeared that Garrard, as executor, purchased said property from Ivey on January 26th, 1867; that he knew of the first judgment, but was assured by Ivey that it was obtained when he was out of the state, and that his testimony would produce a different result on the appeal trial; that Garrard, executor, paid a full consideration for said property, and had been in possession thereof since the date of his purchase.

The court charged the jury as follows: "If they believed that the claimant bought the premises levied on from the defendant, John R. Ivey, after the first verdict, and went into possession of the premises four years prior to the levy, and was a *bona fide* purchaser, and a *bona fide* purchaser was one who bought, intending to buy, and pays a fair price for the property, and buys with no intention to hinder or delay creditors, then the claimant holds the premises discharged from the lien of the plaintiff's judgment, notwithstanding the evidence introduced in this case."

The jury found the property not subject. The plaintiff in execution moved for a new trial on account of error in the aforesaid charge. The motion was sustained, and claimant excepted.

R. J. Moses, for plaintiff in error.

Peabody & Brannon, for defendant.

McCay, Judge.

Assuming, as I must do, (though I did not agree to it,) that the decision of this court in *Akin vs. Freeman*, 48 *Georgia*, is correct, we are constrained to affirm the decision of Judge Johnson in holding that he erred in his ruling at the trial in

this case.   It is true that this right to levy on the land in the possession of the claimant is a right acquired since June, 1865, and is to be controlled by the laws operating upon rights so accruing; we are, nevertheless, clear that, under those laws, the plaintiff had not lost his lien at the time of the levy. Assuming that section 2583 of the Code is a statute of limitations, (and that is the ruling in *Akin vs. Freeman,*) it was, by the ordinance of 1865, suspended until the full establishment of civil government.   This did not take place, as we have uniformly held, until the 21st of July, 1868.   The only question left is whether the eighth section of the limitation act of 1869, putting all cases arising under any of the sections of that act, when the liability, etc., has accrued since June, 1865, under the limitation laws of the Code, covers the right of a plaintiff in *fi. fa.* to follow the land subject to his judgment into the hands of *bona fide* purchasers.

After a careful consideration of this act of 1869, we are clear that none of its sections refer to this right of the plaintiff or this liability of the land to be levied upon.   They all refer to *suits on debts* not already in judgment.   They all refer to *actions,* and specify in detail the causes of action to which they refer.   In only one section is the case of judgments mentioned, and that case covers only suits upon judgments and *sci. fas.* to revive judgments.   It would be making law to construe this as covering the case of a levy of a judgment.   Such a construction would, too, as we think, be contrary to the clear policy of the legislature, so often displayed since the war, of alleviating as much as possible the pressure of old debts and judgments against the debtor class.   The effect, if this had been the legislative intent, would have been to force a levy of all judgments and a forced sale of property by the 1st of January, 1870, and would have filled the land with sheriffs' sales, and brought sad distress upon the very class alluded to, a class which has received, and justly, a most kind consideration from all men, in view of the sad results of the war and subsequent events.

Judgment affirmed.